UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBRA M. MILLER, ) | |
| ) | No. CV-11-38-JPH |
| Plaintiff, ) | |
| ) | ORDER GRANTING DEFENDANT'S |
| v. ) | MOTION FOR SUMMARY JUDGMENT |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**BEFORE THE COURT** are cross-motions for summary judgment noted for hearing without argument on June 22, 2012 (ECF Nos. 13, 15). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Richard M. Rodriguez represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge, ECF No. 7. Plaintiff filed a reply on December 22, 2011, ECF No. 17. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment, **ECF No. 15**.

**JURISDICTION**

Plaintiff protectively applied for supplemental security income (SSI) disability benefits on February 16, 2007, alleging disability since January 1, 1962 (Tr. 89-92). [If entitled to benefits, plaintiff would have been eligible as of February 16,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                              - 1 -

2007, the application date. SSR No. 83-20.] The application was denied initially and on reconsideration (Tr. 52-55, 57-58).

Administrative Law Judge (ALJ) Paul Gaughen held a hearing on November 18, 2008. Plaintiff, represented by counsel, and a vocational expert testified (Tr. 25-46). The ALJ issued an unfavorable decision on January 16, 2009 (Tr. 13-21). On December 22, 2010, the Appeals Council denied review (Tr. 1-5), making the ALJ's decision the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 27, 2011 (ECF Nos. 1, 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, and the briefs of the parties. They are briefly summarized here.

Ms. Miller was 48 years old when she applied for benefits and 49 at the hearing. She was in special education classes through the sixth grade and quit school in twelfth grade. She is married and has four adult children (Tr. 28-31, 167-168). She worked full time seasonally as a meat packer from 1997 through 1999, but lost her job when the company went out of business (Tr. 27, 101, 235). Plaintiff has difficulty with memory, spelling, concentrating and multitasking, but thinking "is okay" (Tr. 30-34). Her disability report states she is unable to work due to epilepsy, memory problems, and "severe learning disabilities" (Tr. 100). She has double vision.

Plaintiff testified she had epilepsy but outgrew it at age 25. Her abilities in math are limited to addition and subtraction

(Tr. 30-32). She performs household chores spread throughout the day, does not drive, and has no license (Tr. 38).

She testified she suffers from physical ailments. However, because Plaintiff does not challenge the ALJ's findings as to physical limitations on appeal, ECF No. 14 at 7-12, the Court's review is limited to the ALJ's assessment of psychological limitations.

Plaintiff has never received mental health counseling or treatment and does not take psychotropic medication (Tr. 167, 236, 244).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.

20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir.1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir.1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.1987).

### ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not earn substantial gainful activity after she applied for benefits (Tr. 15). At step two, he found she suffers from the severe impairments of diverticulitis affecting the sigmoid colon, and history of epilepsy/seizure disorder no longer established or active (in

remission for more than 20 years)(Tr. 15). Although the ALJ did not assess any severe mental impairments at step two, his RFC included mental limitations (Tr. 18). At step three, he found that although Plaintiff's impairments are severe, they do not alone or combination meet or medically equal a Listed impairment (Tr. 18). The ALJ found Plaintiff less than completely credible, a finding she does not challenge on appeal (Tr. 18-19). At step four, relying on the VE, he found Plaintiff is able to perform her past work as a meat packer (Tr. 19). Alternatively, at step five, again relying on the VE, the ALJ found Plaintiff can perform other jobs existing in sufficient numbers in the local and national economies, such as housekeeper and cafeteria attendant (Tr. 20). The ALJ found Plaintiff is not disabled as defined by the Social Security Act (Tr. 21).

**ISSUES**

Plaintiff alleges the ALJ should have found she suffers from severe mental impairments. And she alleges the ALJ failed to properly credit the opinions of psychologists Ashworth[1], Pollack[2], and Bailey[3] (ECF No. 14 at 7-12). The Commissioner answers (1) any error at step two is harmless since the ALJ included mental limitations in the RFC; (2) the ALJ included limitations assessed by Ashworth and Bailey in the RFC; (3) he gave clear and

---

[1] Clark Ashworth, Ph.D., and Renee Thompson, Psy.D., (Ashworth), evaluated Plaintiff on March 28, 2007 (Tr. 167-171).

[2] Dennis Pollack, Ph.D., evaluated Plaintiff on October 24, 2008 (Tr. 234-243).

[3] James Bailey, Ph.D., reviewed the written record for the SSA on April 5, 2007 (Tr. 180-197).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 7 -

convincing reasons for discounting Pollack's opinion; and (4) the RFC is proper (ECF No. 16 at 6, 9-13).

**DISCUSSION**

**A. Step two**

Plaintiff alleges the ALJ erred at step two when he failed to find she suffers from severe mental impairments, ECF No. 14 at 8.

Error if any is clearly harmless since the ALJ included mental limitations in the RFC he gave the vocational expert.

The ALJ told the vocational expert Plaintiff

> presents with an ability for understanding, remembering and applying to basic work activities, simple or non-complicated one to three step instructions. She has no major memory deficits and can remember previously acquired details, but she would have significant delays regarding learning and retention of new, detailed material or multitasking at work.

(Tr. 42).

He continued:

> Stated another way, she needs relatively simple, repetitive work in order to meet the requirements of doing same for a full work week. The worker needs a structured work environment to complete a work week; has limited capacity, if any, for independent work without the benefit of a supervisor; also would have problems adapting to any frequent, substantial changes in the work setting or work procedures. She can adapt to simple switches or changes. She can do so.
>
> Also, due to dysthymia and lack of confidence, the worker would be unable to do higher level social interaction. For example, being a project leader or doing a great deal of collaborative work, but she would not be limited for perfunctory discourse or social interaction.

(Tr. 42).

With these limitations, the vocational expert, Ms. Lapoint, opined Plaintiff could perform her past work as a meat packager. The VE noted it is unskilled, involves math and language at the minimal (first to third grade) level, is well-learned, simple and

repetitive (Tr. 43).

The ALJ included mental limitations supported by the record. Because Plaintiff was not prejudiced, she fails to show harmful error at step two. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir.1995)(error is harmless when the correction of the error would not alter the result). An ALJ's decision will not be reversed for harmless errors. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005), citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir.1991).

Plaintiff fails to meet her burden of showing harmful error.

**B. Weighing opinion evidence**

Next, Plaintiff alleges the ALJ failed to properly credit the opinions of two examining and one reviewing psychologist (ECF No. 14 at 8-13).

The Commissioner responds that the ALJ in fact credited Ashworth and Bailey's assessed limitations (ECF No. 16 at 8-9).

The Commissioner is correct.

In March 2007 Dr. Ashworth opined Plaintiff has no memory deficits, is capable of understanding, remembering and carrying out simple work-related instructions with repetition. She would have difficulty working in a setting without structure, "but would not have trouble interacting with coworkers and supervisors." He assessed a GAF of 50, noting "serious symptoms of borderline intellect" (Tr. 171).

In October 2008, Dr. Pollack notes Plaintiff's statement she has no anxiety-related problems, and is unable to work because she dislikes being around a lot of people (Tr. 235-236). He assessed a GAF of 62, indicating only some mild symptoms or functional

difficulties. He recommended a full neuropsychological evaluation (Tr. 239). Dr. Pollack opined Plaintiff's ability to complete a normal workday or workweek is moderately limited, and the ability to sustain an ordinary routine without special supervision is markedly limited (Tr. 241).

To aid in weighing the conflicting evidence, the ALJ also evaluated Plaintiff's credibility and found her less than credible (Tr. 18-19). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or an inconsistency between a claimant's subjective complaints and diagnosed condition. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir.2005).

As noted the ALJ's credibility determination is unchallenged, making it a verity on appeal.

The ALJ incorporated Dr. Ashworth's limitation to simple instructions with repetition, avoiding work requiring higher social functioning, and the need for a structured work environment (Tr. 16-19, 171). Plaintiff points to no evidence showing she suffers greater mental limitations. As the ALJ observed Plaintiff worked in the past. She did not stop due to limitations, but because the business closed (Tr. 19). He notes Plaintiff and her sister both indicated Plaintiff cooks, shops, does household chores, visits with others, plays cards, and reads (Tr. 19). This is evidence Plaintiff is not as limited as alleged.

Because the ALJ accepted and incorporated limitations established by the evidence, Plaintiff fails to show any error.

The ALJ rejected Dr. Pollack's assessed moderate and marked limitations for clear and convincing reasons. The ALJ is correct

that the narrative portion of the report is inconsistent with the assessed limitations (*cf*. GAF indicating some mild symptoms *with* assessed marked limitation). The ALJ is correct that the assessed dire limitations are also inconsistent with the overall record (Tr. 19). Plaintiff has never received mental health counseling of any kind, nor does she take any psychotropic medication, indicating *she* does not consider mental limitations severe.

The ALJ did not err when he weighed the evidence.

**B. RFC**

Finally, Plaintiff asserts the ALJ failed to include all of her limitations in the residual functional capacity assessment (ECF No. 14 at 10-13). Citing *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir.2001), the Commissioner accurately responds that this argument simply alleges again that the ALJ improperly weighed the evidence. Since the ALJ's hypothetical included all of Plaintiff's limitations supported by substantial evidence, there was no error (ECF No. 16 at 11-13).

A claimant for social security benefits carries the burden of proving she is disabled. 42 U.S.C. § 423(d)(5)(A); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir.2009).

The trier of fact, and not the reviewing court, must resolve conflicts in the evidence and, if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005).

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision is free of harmful legal error and

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 11 -

supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15,** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of Defendant, and **CLOSE** the file.

DATED this 5th day of July, 2012.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE
